| | |
|---|---|
| C.J. Veverka (Bar No. 07110) | Nathaniel L. Dilger (*Pro hac vice* application |
| cveverka@mabr.com | forthcoming) |
| Kirk R. Harris (Bar No. 10221) | ndilger@onellp.com |
| kharris@mabr.com | Peter R. Afrasiabi (*Pro hac vice* application |
| Mark W. Ford (Bar No. 10629) | forthcoming) |
| mford@mabr.com | pafrasiabi@onellp.com |
| **MASCHOFF BRENNAN** | **ONE LLP** |
| 201 South Main Street, Suite 600 | 4000 MacArthur Blvd. |
| Salt Lake City, UT 84111 | West Tower, Suite 1100 |
| Telephone: (435) 252-1360 | Newport Beach, CA 92660 |
| Facsimile: (435) 252-1361 | Telephone: (949) 502-2870 |
| | Facsimile: (949) 258-5081 |

*Attorneys for Plaintiff, CAO GROUP, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAO GROUP, INC., a Utah Corporation, | **COMPLAINT** |
| Plaintiff, | JURY DEMAND |
| v. | |
| FOXFURY, LLC, a California Limited Liability Company | Case No. 2:13-cv-00345-DB |
| Defendant. | Judge David Nuffer |

Plaintiff CAO Group, Inc. ("CAO") hereby complains and alleges against Defendant FoxFury, LLC ("FoxFury" or "Defendant") as follows:

## PARTIES

1. Plaintiff CAO is a Utah corporation located at 4628 West Skyhawk Drive, West Jordan, UT 84084.

2. On information and belief, Defendant FoxFury is a California limited liability company with a principal place of business located at 2091 Elevado Hills Dr., Vista, CA 92084.

## NATURE OF THE ACTION

3. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. On information and belief, Defendants have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe CAO's U.S. Patent Nos. 6,954,270 (the "'270 Patent"), 7,252,678 (the "'678 Patent"), and 7,267,457 (the "'457 Patent") (collectively "the Asserted Patents").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant FoxFury because, on information and belief, FoxFury does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this state and judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8. Plaintiff CAO designs, develops, manufactures, and markets various products, including but not limited to forensic lights.

9. CAO has sought protection for its technological innovations, which has resulted in numerous issued patents, including the Asserted Patents.

10. The '270 Patent issued on October 11, 2005, and is titled "Method for Detecting Forensic Evidence." CAO is the owner by assignment of the '270 Patent.

11. The '457 Patent issued on September 11, 2007, and is titled "Method for Detecting Forensic Evidence." CAO is the owner by assignment of the '457 Patent.

12. The '678 Patent issued on August 7, 2001, and is titled "Forensic Light Using Semiconductor Light Source." CAO is the owner by assignment of the '678 Patent.

13. Defendant develops, markets, and/or manufactures a number of "Application-Specific products, with a focus in Professional Portable LED Lighting," including forensic lights. *See* http://www.foxfury.com/about_foxfury.php.

14. On information and belief, Defendant FoxFury operates and maintains a website at www.foxfury.com, where FoxFury's products, including its forensic lights, are marketed to consumers, including consumers in Utah.

15. Some of FoxFury's forensic lights are marketed and sold under the "Hammer Head," "MF," and "Rook" series of products (including, for example, the "Rook Blue 450 + 470 nm FLS"). From the Rook series of products, the "Rook Blue 450 + 470 nm FLS" is an exemplary product that infringes the Asserted Patents and is referred to as the "Accused Product."

16. Upon information and belief, FoxFury has posted videos of exemplar uses and instructions for use of its forensic lights. *See, e.g.*, http://www.youtube.com/watch?v=3H0WWa3Keys.

## COUNT ONE

**(Infringement of The '270 Patent – 35 U.S.C. §§ 271** *et seq*.**)**

17. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

18. The Accused Product does not have a substantial use that does not infringe at least claim 15 of the '270 Patent.

19. On information and belief, FoxFury has constructive notice of the '270 Patent pursuant to 35 U.S.C. § 287.

20. FoxFury has actual notice of its infringement of the '270 patent by letter dated May 15, 2013 sent to FoxFury.

21. FoxFury has specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 15 of the '270 Patent. For example, on information and belief, FoxFury has instructed its customers on how to use the Accused Product in an infringing manner by posting videos on YouTube. *See, e.g.*, http://www.youtube.com/watch?v=3H0WWa3Keys.

22. FoxFury has (1) infringed and continues to infringe at least claim 15 of the '270 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product and/or (2) contributed to the infringement of at least claim 15 of the '270 Patent, and/or actively induced others to infringe at least claim 15 of the '270 Patent, in this District and elsewhere in the United States.

23. FoxFury's actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 15 of the '270 Patent in violation of 35 U.S.C. § 271.

24. CAO has sustained damages and will continue to sustain damages as a result of FoxFury's aforesaid acts of infringement.

25. CAO is entitled to recover damages sustained as a result of FoxFury's wrongful acts in an amount to be proven at trial.

26. FoxFury's infringement of CAO's rights under at least claim 15 of the '270 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

27. Upon information and belief, FoxFury has willfully infringed at least claim 15 of the '270 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO

### (Infringement of The '457 Patent – 35 U.S.C. §§ 271 *et seq*.)

28. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

29. The Accused Product does not have a substantial use that does not infringe at least claim 15 of the '457 Patent.

30. FoxFury has constructive notice of the '457 Patent pursuant to 35 U.S.C. § 287.

31. FoxFury has actual notice of its infringement of the '457 patent by letter dated May 15, 2013 sent to FoxFury.

32. FoxFury has specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 15 of the '457 Patent.  For example, on information and belief, FoxFury has instructed its customers on how to use the Accused Product in an infringing manner by posting videos on YouTube.  *See, e.g.*, http://www.youtube.com/watch?v=3H0WWa3Keys.

33. FoxFury has (1) infringed and continues to infringe at least claim 15 of the '457 Patent by using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product and/or (2) contributed to the infringement of at least claim 15

of the '270 Patent, and/or actively induced others to infringe at least claim 15 of the '270 Patent, in this District and elsewhere in the United States.

34. FoxFury's actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 15 of the '457 Patent in violation of 35 U.S.C. § 271.

35. CAO has sustained damages and will continue to sustain damages as a result of FoxFury's aforesaid acts of infringement.

36. CAO is entitled to recover damages sustained as a result of FoxFury's wrongful acts in an amount to be proven at trial.

37. FoxFury's infringement of CAO's rights under at least claim 15 of the '457 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

38. Upon information and belief, FoxFury has willfully infringed at least claim 15 of the '457 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT THREE

**(Infringement of The '678 Patent – 35 U.S.C. §§ 271 *et seq*.)**

39. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

40. The Accused Product does not have a substantial use that does not infringe at least claim 19 of the '678 Patent.

41. On information and belief, FoxFury has constructive notice of the '678 Patent pursuant to 35 U.S.C. § 287.

42. FoxFury has infringed and continues to infringe at least claim 19 of the '678 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

43. FoxFury's actions constitute infringement of at least claim 19 of the '678 Patent in violation of 35 U.S.C. § 271.

44. CAO has sustained damages and will continue to sustain damages as a result of FoxFury's aforesaid acts of infringement.

45. CAO is entitled to recover damages sustained as a result of FoxFury's wrongful acts in an amount to be proven at trial.

46. FoxFury's infringement of CAO's rights under at least claim 19 of the '678 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CAO asks this Court to enter judgment in its favor and against FoxFury and grant the following relief:

A. An adjudication that FoxFury has willfully infringed and continues to infringe the Asserted Patents.

B. Orders of this Court temporarily, preliminarily, and permanently enjoining FoxFury, their agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of Asserted Patents pursuant to at least 35 U.S.C. § 283;

C. An award of damages adequate to compensate CAO for FoxFury's infringement of the Asserted Patents in an amount to be proven at trial;

D. A finding that this is an exceptional case and an award of CAO's costs and attorney fees;

  E. A trebling of the damage award to CAO;

  F. An assessment and award of pre- and post-judgment interest on all damages awarded; and

  I. Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: May 15, 2013    **MASCHOFF BRENNAN**

          By: */s/ Kirk R. Harris*
            C.J. Veverka, Esq.
            Kirk R. Harris, Esq.
            Mark W. Ford, Esq.

         *Attorneys for Plaintiff, CAO GROUP, INC.*